VINCENT J. BARTOLOTTA, JR., ESQ. SBN 055139
KAREN R. FROSTROM, ESQ. SBN 207044
JARRETT S. CHARO, ESQ. SBN 224001
KEVIN F. QUINN, ESQ. SBN 106224
THORSNES BARTOLOTTA McGUIRE LLP
2550 Fifth Avenue, 11th Floor
San Diego, California 92103
Tel: (619) 236-9363 / Fax: (619) 236-9653

William L. Conti
LAW OFFICES OF WILLIAM L. CONTI
100 East San Marcos Boulevard #440
San Marcos, California 92069
Tel: (760) 780-1700 / Fax: (760) 705-1335

Attorneys for Plaintiffs Keith Reilly, Troy Helton, Melanie Helton, Thelma Bryant, Laura Espina and Omar Perez, individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith Reilly, Troy Helton, Melanie Helton, Thelma Bryant, Laura Espina and Omar Perez, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Pinnacle Security, LLC., Monitronics International, Inc., Protection One Alarm Monitoring, Inc., Security Networks, LLC, Vision Security, LLC, Vivint, Inc., Vivint Solar, Inc., and DOES 1 through 10,<br><br>Defendants. | Case No.: **'14CV1580 H DHB**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT**<br><br>**Jury Trial Demanded** |

Plaintiffs Keith Reilly ("Reilly"), Troy Helton and Melanie Helton, husband and wife (collectively "Helton"), Thelma Bryant ("Bryant"), and Laura Espina and Omar Perez, husband and wife (collectively "Perez") (together, "Plaintiffs") bring this action on their own behalf and on behalf of all others similarly situated, and allege based on the investigation of counsel, the existing public record and on information

1

and belief, as follows:

## NATURE OF THE ACTION

1. This is a Class Action lawsuit brought by Plaintiffs, on their own behalf and on behalf of all other persons similarly situated, against the Defendants (as defined in paragraph 21 below) who have operated their businesses in violation of 15 U.S.C. § 1681 *et seq.* ("Fair Credit Reporting Act" or "the Act") by unlawfully obtaining Consumer Reports (as that term is defined in 15 U.S.C. § 1681a(d) and referred to herein as "Credit Reports") on potential purchasers of Defendants' products without the knowledge or consent of those potential purchasers.

2. The Fair Credit Reporting Act strictly limits the circumstances under which a person may obtain a Credit Report relating to a consumer and generally prohibits a person from obtaining a Credit Report relating to a consumer without the consumer's authorization.

3. The Act provides that any person who willfully fails to comply with the requirements of the Act with respect to any consumer is liable to that consumer for statutory damages of up to $1,000 per incident, punitive damages, costs of suit, and attorney's fees.

4. The Act further provides that any person who obtains a Credit Report on a consumer, knowingly without a permissible purpose, is liable to that consumer for statutory damages of up to $1,000 per incident, punitive damages, costs of suit, and attorney's fees.

5. In violation of the Act, Defendants' sales techniques involve obtaining Credit Reports on each adult residing in a residence prior to presenting their products to the residents. The information in the Credit Report is used to give Defendants' salespersons a competitive advantage, as the salesperson will not proceed with the sales presentation of the product if no adult in the residence could be approved to purchase the product. Obtaining these Credit Reports also provides an advantage to Defendants insofar as Defendants would advise their salespersons which products

2

could be financed by the adult residents. The salespersons can thus focus their presentation only on the products that could be financed by the adult residents.

6. In further violation of the Act, Defendants obtain the adult residents' Credit Reports – including Plaintiffs' – despite knowing that the adult residents have not authorized Defendants to obtain these Credit Reports and despite knowing that they (the Defendants) have no permissible purpose in obtaining the Credit Reports.

7. There is nothing in the Act that allows Defendants to obtain these Credit Reports and Defendants' failure to comply with the Act subjects Defendants to liability under the Act.

8. The purpose of this action is to hold Defendants accountable and to obtain maximum legal and equitable relief from Defendants for engaging in unlawful business acts, practices and/or conduct. This action seeks relief on the basis of multiple violations of federal law, that will include as a remedy for the Class members, *inter alia*, the following:

(a) Actual damages for the Defendants' misconduct complained of herein;

(b) Statutory damages for the Defendants' misconduct complained of herein;

(c) Punitive damages for the Defendants' misconduct complained of herein; and

(d) Injunctive relief.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Fair Credit Reporting Act.

10. Plaintiffs allege, upon information and belief, that each of the Defendants conducts professional and commercial activities in California on a substantial, continuous, and systematic basis and therefore each of the Defendants is subject to the general jurisdiction of the courts of this state.

11. Plaintiffs further allege, upon information and belief that many of the claims asserted in this complaint arise out of or are related to the Defendants' professional and commercial activities within California, and therefore Defendants are subject to the specific jurisdiction in California.

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

13. Upon information and belief, Defendant Pinnacle Security LLC ("Pinnacle") is a limited liability company organized under the laws of Utah and has its principal place of business in Orem, Utah. Pinnacle is in the business of delivering alarm monitoring services for residential use.

14. Upon information and belief, Defendant Monitronics International, Inc. ("Monitronics") is a corporation that is incorporated in Texas and has its principal place of business in Dallas, Texas. Defendant Monitronics is in the business of delivering alarm monitoring services. On August 16, 2013, Monitronics acquired all of the equity interests of defendant Security Networks, LLC. Monitronics further purchases in bulk contracts for alarm services from defendant Vision Security, LLC and/or utilizes Vision Security, LLC to sell its products and services to members of the public. Plaintiffs are informed and believe that Monitronics itself engages in the wrongful conduct directly as herein alleged by engaging in, authorizing, and/or ratifying the illegal acts.

15. Upon information and belief, Defendant Protection One Alarm Monitoring, Inc. ("Protection One") is a corporation that is incorporated in Delaware and has its principal place of business in Lawrence, Kansas. Protection One is in the business of installing and monitoring alarms systems.

16. Upon information and belief, Defendant Security Networks, LLC ("Security Networks") is a company that is organized under the laws of Florida and

4

has its principal place of business in Dallas, Texas.  Security Networks is in the business of delivering alarm monitoring services.  On August 16, 2013, defendant Monitronics acquired all of the equity interests of Security Networks, including, without limitation, security contracts that were acquired by Security Networks utilizing the illegal sales tactics as herein alleged.

17.  Upon information and belief, Defendant Vision Security, LLC ("Vision") is a company that is organized in Utah and has its principal place of business in Orem, Utah.  Vision is a home automation and security company.

18.  Upon information and belief, Defendant Vivint, Inc. ("Vivint") is a corporation that is incorporated in Utah and has its principal place of business in Provo, Utah.  Vivint is a home automation and security company.

19.  Upon information and belief, Defendant Vivint Solar, Inc. ("Vivint Solar") is a corporation that is incorporated in Delaware and has its principal place of business in Provo, Utah.  Vivint Solar is in the business of providing residential solar energy systems.

20.  Plaintiffs do not know the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive and therefore sue them by the fictitious names of DOES 1 through 10, inclusive.  Plaintiffs will seek leave of this Court to amend this complaint to set forth the true name and capacities of the fictitiously named defendants when their true identities become known to Plaintiffs.

21.  The term "Defendants" as used in this Complaint refers collectively to Pinnacle, Monitronics, Protection One, Security Networks, Vision, Vivint, Vivint Solar, and DOES 1 through 10, inclusive.

22.  Plaintiff Reilly is an individual who resides in San Diego, California and is a citizen of California.  In or around 2012, Reilly was solicited at his home in Valley Center, California by a salesperson seeking to sell him security products or services. The salesperson advised that he was an agent of Defendant Vision, an authorized distributor of Monitronics' products and services and that he would like to

5

present Reilly with a proposal for security products and services. The salesperson then advised Reilly that he was required to verify ownership of the home and asked Reilly for his full name and date of birth. The salesperson then called Defendant Monitronics' home office and Vision and Monitronics obtained Reilly's Credit Report without his authorization and despite knowing that they did not have Reilly's authorization to do so.

23. In or around May 2014, Reilly was again solicited at his home in Valley Center, California by a salesperson for a distributor authorized to sell Vivint Solar's products. That salesperson is part of a sales operation using salespeople who are trained by Vivint Solar to use Vivint Solar's sales techniques and strategies. Before Vivint Solar solicited Plaintiff Reilly for any products or services, Vivint Solar also obtained Reilly's Credit Report in the manner herein alleged without his authorization and despite knowing that it did not have his authorization to do so.

24. Plaintiffs Perezes are individuals who reside in Moreno Valley, California and are citizens of California. In or around February of 2012, Mrs. Perez was solicited at her home by a salesperson for Defendant Pinnacle for the purchase of home security products and services. Defendant Pinnacle's salesperson advised Mrs. Perez that he needed to verify her ownership of the home and asked for her full name and date of birth. Thereafter, Pinnacle obtained Mrs. Perez's Credit Report without her authorization. The salesperson determined that Mrs. Perez did not qualify for services so he had Pinnacle obtain her husband's (Mr. Perez's) Credit Report without either of the Perezes' authorization. Pinnacle obtained these two Credit Reports despite knowing that it did not have either of the Perezes' authorization to do so.

25. Mrs. Perez ultimately entered into a service contract with Pinnacle. Plaintiffs Perezes are informed and believe and thereon allege that the contract executed by her was subsequently sold by Defendant Pinnacle to Defendant Protection One who had authorized, directed and/or ratified the use of the improper sales tactics

as herein alleged.

26. Plaintiffs Heltons are individuals, husband and wife, who reside in Murietta, California and are citizens of California. In or around April of 2014, Mr. Helton was solicited at his home in Murietta, California by a salesperson authorized to sell Vivint's products and services. The salesperson informed Mr. Helton that he would need to verify home ownership and asked for Mr. Helton's full name and date of birth. The salesperson then submitted this information via telephone to Vivint who obtained Mr. Helton's Credit Report without his authorization and despite knowing that it did not have Mr. Helton's authorization to do so. When Mr. Helton failed to qualify for the products and services being offered, the salesperson obtained Mrs. Helton's full name and date of birth and provided it to Vivint who obtained her Credit Report without her (or Mr. Helton's) authorization and despite knowing that it did not have her (or his) permission to do so.

27. Plaintiffs are informed and believe that the salesperson referenced above is part of a sales organization that utilizes salespeople who are trained by Vivint to use Vivint's sales techniques and strategies.

28. Additionally, in or around April of 2014, Mr. Helton was solicited at his home in Murietta, California by a salesperson of a distributor authorized to sell Vivint Solar's products. That distributor operates a sales operation using salespeople who are trained by Vivint Solar to use Vivint Solar's sales techniques and strategies. Before Vivint Solar provided this solicitation to Mr. Helton, Vivint Solar obtained Mr. Helton's Credit Report without his authorization and despite knowing that it did not have his authorization to do so.

29. Plaintiff Bryant is an individual who resides in Philadelphia, Pennsylvania and is a citizen of Pennsylvania. In or around July of 2013, Bryant was solicited at her home in Philadelphia, Pennsylvania by a salesperson from a distributor authorized to sell Vivint's products. That distributor operates a sales operation using salespeople who are trained by Vivint to use Vivint's sales techniques and strategies

as herein alleged. Before the solicitation, Vivint obtained Bryant's Credit Report without her authorization and despite knowing that it did not have her authorization to do so.

## CLASS ACTION ALLEGATIONS

30. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), Plaintiffs bring this class action on behalf of themselves and as representatives of the class. The class is defined to include all individuals for whom Defendants obtained Credit Reports from June 2009 through the present – without the prior authorization of those individuals.

31. The joinder of all class members in one action is impracticable. The putative class consists of thousands of class members. The class and class size will be objectively ascertainable upon discovery of Defendants' sales and operations records. The disposition of these persons' claims in a class action will provide substantial benefits to both the parties and the Court. The class is ascertainable and maintains a sufficient community of interest. The rights of each member of the class were violated in a similar fashion based upon Defendants' uniform wrongful conduct.

32. The class representatives' claims are typical of the claims of the members of the class because the class representatives and all other members of the class were damaged by the same wrongful conduct committed by Defendants, as alleged herein. Moreover, the class representatives' claims are typical because the class representatives and all other members of the class each have interests in the privacy and protection of their credit information.

33. Plaintiffs will fairly and adequately protect the interests of the class. The interests of the class representatives are coincident with, and not antagonistic to, the interests of the other members of the class. Plaintiffs are aware of their duties to the class.

34. Plaintiffs have retained counsel competent and experienced in the prosecution of class action litigation.

THORSNES BARTOLOTTA MCGUIRE LLP
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
(619) 236-9363
FAX (619) 236-9653

1080876v1

35. Questions of law and fact common to the members of the class predominate over questions which may affect only individual members. Among the questions of law and fact common to the class are:

    (a) Whether Defendants' sales practices violate the Fair Credit Reporting Act;

    (b) Whether Defendants obtained the Credit Reports of the class members without their authorization;

    (c) Whether Defendants obtained the Credit Reports of the class members despite knowing that they did not have authorization to do so.

    (d) Whether Defendants had a permissible purpose for obtaining the Credit Reports of the class members; and

    (e) Whether Defendants acted willfully in violating the Fair Credit Reporting Act.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The class members are so numerous that joinder of all members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. The class members are unlikely to have an interest in individually litigating their claims due to the expenses of litigation and the small amount of statutory damages provided under the Fair Credit Reporting Act. There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action.

## **CAUSE OF ACTION FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT**

37. Plaintiffs repeat and re-allege paragraphs 1 through 36 above, as if fully set forth herein.

38. Defendants, hundreds of thousands of times per year, violate the Fair

1080876v1

Credit Reporting Act by obtaining Credit Reports on potential purchasers of Defendants' products – including Plaintiffs – without the potential purchasers' authorization.

39. Defendants, hundreds of thousands of times per year, violate the Fair Credit Reporting Act by obtaining Credit Reports on potential purchasers of Defendants' products – including Plaintiffs – despite knowing that the potential purchasers have not provided authorization to do so.

40. Defendants, hundreds of thousands of times per year, violate the Fair Credit Reporting Act by obtaining Credit Reports on potential purchasers of Defendants' products – including Plaintiffs – without the potential purchasers' authorization despite knowing that, or recklessly disregarding the fact that, such practices violate the Act.

41. Defendants have no permissible purpose for obtaining these Credit Reports.

42. As a result of misconduct of Defendants herein described, Plaintiffs and members of the class have suffered actual damages in an amount to be proven at trial.

43. As a result of Defendants' misconduct, Plaintiffs and the Class are entitled to recover statutory damages, punitive damages, costs of suit, and attorney's fees.

44. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), Plaintiffs and the class hereby request certification of the class, as well as statutory damages, punitive damages, attorney's fees, costs, and expenses pursuant to the Act.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this action be certified as a class, and that judgment be entered against Defendants, jointly and severally, as follows:

(a) For actual damages in an amount to be determined and proven at time of trial;

(b) For statutory damages in an amount to be determined and proven

at time of trial;

  (c) For punitive damages in an amount to be determined and proven at time of trial;

  (d) For interest thereon at the maximum legal rate;

  (e) For pre-judgment interest on all sums awarded at the maximum legal rate;

  (f) For the costs of litigation and investigation associated with this suit;

  (g) As no adequate remedy at law exists, for temporary, preliminary and permanent injunctive relief enjoining Defendants from obtaining individuals' Credit Reports without their authorization; and

  (h) For such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all claims permitted by law.

Dated: July 1, 2014    THORSNES BARTOLOTTA McGUIRE LLP

By:  */s/ Jarrett S. Charo*
VINCENT J. BARTOLOTTA, JR., ESQ.
KAREN R. FROSTROM, ESQ.
JARRETT S. CHARO, ESQ.
KEVIN F. QUINN, ESQ.
Attorneys for Plaintiffs Keith Reilly, Troy Helton, Melanie Helton, Thelma Bryant, Laura Espina and Omar Perez, individually and on behalf of all others similarly situated

Dated: July 1, 2014    LAW OFFICES OF WILLIAM L. CONTI

By:  */s/ William L. Conti*
WILLIAM L. CONTI
Attorneys for Plaintiffs Keith Reilly, Troy Helton, Melanie Helton, Thelma Bryant, Laura Espina and Omar Perez, individually and on behalf of all others similarly situated

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Reilly, Keith; Helton, Troy; Helton, Melanie; Bryant, Thelma; Espina, Laura and Perez, Omar; individually and on behalf of all others similarly situated,

(b) County of Residence of First Listed Plaintiff: **San Diego**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
See Attachment

### DEFENDANTS
Pinnacle Security, LLC, Monitronics International, Inc., Protection One Alarm Monitoring, Inc., Security Networks, LLC, Vision Security, LLC, Vivint, Inc., Vivint Solar, Inc., and Does 1 through 10,

County of Residence of First Listed Defendant: **Utah County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**'14CV1580 H    DHB**

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☒ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. section 1681
Brief description of cause:
Violation of the Fair Credit Reporting Act

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Damages according to proof and injunctive relief
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 07/01/2014
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jarrett S. Charo

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## ATTACHMENT TO CIVIL COVER SHEET

### *Reilly v. Pinnacle*

VINCENT J. BARTOLOTTA, JR., ESQ. SBN 055139
KAREN R. FROSTROM, ESQ. SBN 207044
JARRETT S. CHARO, ESQ. SBN 224001
KEVIN F. QUINN, ESQ. SBN 106224
THORSNES BARTOLOTTA McGUIRE LLP
2550 Fifth Avenue, 11th Floor
San Diego, California 92103
Tel: (619) 236-9363 / Fax: (619) 236-9653

William L. Conti
LAW OFFICES OF WILLIAM L. CONTI
100 East San Marcos Boulevard #440
San Marcos, California 92069
Tel: (760) 780-1700 / Fax: (760) 705-1335

Attorneys for Plaintiffs Keith Reilly, Troy Helton, Melanie Helton, Thelma Bryant, Laura Espina and Omar Perez, individually and on behalf of all others similarly situated

1081037v1